IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**MARIA PETER, MICHAEL PETER, JULIKA BERGER, JAROLIN BERGER,**

  Plaintiffs;

v.                                                                                     No. 1:22-1001 STA-jay

**SUSAN DIANE WOJICICKI, WILLIAM HENRY GATES, STEPHANE BANCEL, ALBERT BOURLA,**

  Defendants.

## REPORT AND RECOMMENDATION

On January 3, 2022, plaintiffs Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger filed their pro se complaint against Susan Diane Wojicicki, William Henry Gates, Stephane Bancel, and Albert Bourla. [D.E. 1] On the same day, Plaintiff Maria Peter filed a motion to proceed *in forma pauperis*. [D.E. 2] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

In an order issued on November 29, 2022, the Magistrate Judge ordered Plaintiffs Michael Peter, Julika Berger, and Jarolin Berger to each file a motion to proceed *in forma pauperis*, with the appropriate financial affidavit, or pay their filing fees no later than December 30, 2022. To date, these Plaintiffs have failed to respond. On January 4, 2023, the Court granted Plaintiff Maria Peter's motion to proceed *in forma pauperis*. [D.E. 8] Because Plaintiffs Michael Peter, Julika Berger, and Jarolin Berger have failed to file motions to proceed *in forma pauperis*, or in the

alternative pay their filing fee, and have not responded to the Magistrate Judge's November 29, 2022 order in any way, the Magistrate Judge recommends dismissal of these Plaintiffs.[1]

Regarding Plaintiff Maria Peter, who is proceeding *in forma pauperis*, the Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

---

[1] The Magistrate Judge notes that even if Michael Peter, Julika Berger, and Jarolin Berger had complied with the November 29, 2022 order, the claims made are in the Complaint are identical for all Plaintiffs and thus are frivolous and fail to state a claim for the same reasons discussed *infra* regarding Plaintiff Maria Peter.

2

Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.")

Under § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1332, with the nature of the suit listed as personal injury. Plaintiff's Complaint contains the following narrative in her statement of claim:

> On 3/13/2020 [Defendants] failed to keep the risk of synthetic bio-weapon attacks at the 10%-low, but it rose to a 70%-high. They said in mass media: Here is "the greatest downfall the world faces" because "a new vaccine" has to "get out to seven billion people," affording "18 months lockdown," as this "is a pandemic, a deadly (killer) virus." [Defendants] let damage-knowhow fall – uncensored – into wrong hands, because on 30/12/2020 NATO/Brussel announced nuclear (!) retaliatory strikes against aggressive states/terrorists using synthetic bioweapons.

Plaintiff claims that these actions injured her because:

> [a]ggressive states/terrorists are happy to learn from [Defendants] - via mass media/online video platform – the $16 Trillion damage trick. Military expect more attackers to apply this virus-trick. The new high killer-virus-threat continues. Some citizens notice – due to 2020's economic & social virus-damage including government depth – nation's vulnerability and therefor the new high risk of the next killer-virus-attack – and cope well with it. Other citizens, however are shocked and suffer new anxiety disease Akva (Again-killer-virus-attack), an ICD F41.0-disease and are severely handicapped during health care's two-year-medication including psychotherapy.

Plaintiff seeks $25,000 in compensatory damages and 16 trillion dollars in punitive damages as a result of the alleged negligence. [D.E. 1]

The undersigned finds that Plaintiff has failed to state claim against any of the Defendants. Plaintiff's allegations appear to be a COVID conspiracy theory one might find on the fringes of the internet packaged as a federal lawsuit. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Williams v. City of Memphis*, No. 14-2767-JDT-TMP, 2015 WL 808456, at *7 (W.D. Tenn. Feb. 25, 2015) (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). The undersigned finds that Plaintiff's

Complaint is precisely the type of complaint contemplated in *Apple v. Glenn*. Consequently, Plaintiff's Complaint warrants dismissal under both § 1915(e)(2)(B) and Rule 12(b)(1).

## CONCLUSION

For these reasons, the Magistrate Judge recommends that this Court dismiss the Complaint in its entirety.

Respectfully submitted this 6th day of January, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**