# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MARIA PETER, MICHAEL PETER, JULIKA BERGER, and JAROLIN BERGER, <br><br> Plaintiffs, <br> v. <br><br> SUSAN DIANE WOJICICKI, WILLIAM HENRY GATES, STEPHANE BANCEL, and ALBERT BOURLA, <br><br> Defendants. | No. 1:22-cv-1001-STA-jay |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER OF DISMISSAL**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**ORDER ON APPELLATE FILING FEE**

Before the Court is the United States Magistrate Judge' report and recommendation that the Court dismiss Plaintiffs Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger's Pro Se Complaint as frivolous and for their failure to comply with the previous orders of the Court. The Magistrate Judge entered his report and recommendation (ECF No. 9) on January 6, 2023. The Magistrate Judge recommended that the Court dismiss the claims of Plaintiffs Michael Peter, Julika Berger, and Jarolin Berger for their failure to comply with an order directing them to submit a proper *in forma pauperis* affidavit or pay the civil filing fee. The Magistrate Judge issued the order on November 29, 2022, and gave Plaintiffs until December 30, 2022, to comply. To date, Plaintiffs Michael Peter, Julika Berger, and Jarolin Berger have not responded to the Magistrate Judge's order and have not filed any objections to the Magistrate Judge's recommendation that the

1

Court dismiss their claims. Likewise, the Magistrate Judge recommended that the Complaint be dismissed as frivolous. Plaintiffs, including Maria Peter who was granted leave to proceed *in forma pauperis*, had 14 days from the service of the Magistrate Judge's report in which to file objections. Plaintiffs have not objected to the report and its recommended conclusions of law, and the time to object has now expired.[1]

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring cases filed by nonprisoner, *pro se* plaintiffs to a United States

---

[1] The Pro Se Complaint suggests that Plaintiffs reside in Austria and Germany. The pleading lists the same mailing address (in Hohenems, Austria) and email address for Maria Peter and Michael Peter. The pleadings also list the same mailing address (in Konstanz, Germany) and email address for Julika Berger and Jarolin Berger. The Clerk of Court served the report and recommendation on Maria Peter and Julika Berger by electronic means at the respective email addresses listed for these Plaintiffs in the Pro Se Complaint. The Clerk served the report on Michael Peter and Jarolin Berger by means of U.S. mail at each of the respective mailing addresses for these Plaintiffs listed in the pleadings. The Clerk of Court has served all of the other orders and filings from the Court in the same manner.

On January 17, 2023, the report mailed to Michael Peter in Austria was returned in the mail as undeliverable (ECF No. 10). The following day, the Magistrate Judge's November 29, 2022 order mailed to Michael Peter in Austria was also returned as undeliverable (ECF No. 11). The Court nevertheless finds that Michael Peter received notice of the report and recommendation, even though the mailed version of the report was returned as undeliverable. Michael Peter and Maria Peter share the same email address, and the record shows that the Clerk served a copy of the report by emailing the report to the Peters' email address of record. To the extent that Michael Peters may no longer reside at the physical address, the fact remains that "[r]egardless of the method of communication utilized (posted mail or email), it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012). And even if Michael Peters had not received these court decisions by mail, the Court would inevitably dismiss the Pro Se Complaint's claims for their frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B).

Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended the dismissal of Plaintiffs' Pro Se Complaint pursuant to 28 U.S.C. § 636(b)(1)(B). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

In the absence of any objection to the Magistrate Judge's recommendations, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation and **DISMISSES** Plaintiffs' Pro Se Complaint. The Court dismisses the claims brought by Plaintiffs Michael Peter, Julika Berger, and Jarolin Berger for failure to pay the filing fee and comply with the Magistrate Judge's order to that effect. The Court dismisses the Pro Se Complaint in its entirety for frivolousness. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiffs to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case, failure to comply with court orders, the frivolousness of the Pro Se Complaint, and the failure to make

any timely objection to the Magistrate Judge's report and recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiffs would not be taken in good faith and Plaintiffs may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiffs in this case. If Plaintiffs file a notice of appeal, they must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiffs become liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiffs fail to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 30, 2023

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.